Nixon REYES–PALACIOS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72216.

Agency No. A75–204–882.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

Patricia A. Hubbard, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoe-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

nix, AZ, Jennifer A. Parker, Aviva Poczter, Office of Immigration Litigation, Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Nixon Reyes–Palacios petitions for review of a Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") determination that he was ineligible for asylum or withholding of removal. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Reyes–Palacios failed to file his asylum application within one year of his arrival in the United States as required by 8 U.S.C. § 1158(a)(2)(B). *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Furthermore, Reyes–Palacios's ineffective assistance of counsel claim is the type of administratively-correctable procedural error which the BIA can competently address, *see Liu v. Waters*, 55 F.3d 421, 426 (9th Cir.1995), and so he should have exhausted the issue by presenting it to the BIA, *see Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000). Accordingly, we also lack jurisdiction to review Reyes–Palacios's contention that his due process rights were violated by ineffective assistance of counsel. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001) (holding this court lacked jurisdiction to review unexhausted due process claim).

We have jurisdiction to review the denial of withholding of removal under 8 U.S.C. § 1252. We review the denial of withholding of removal for substantial evidence, and may reverse only if the evidence compels the conclusion that it is more likely

than not that he will be persecuted on account of a statutorily protected ground were he to return to Peru. *See Hakeem*, 273 F.3d at 816. The record does not show the Tupac Amaru persecuted or would persecute Reyes–Palacios on account of an imputed political opinion or membership in a social group, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002), and his fear of future persecution is not reasonable in light of the fact that his large family remains in Peru unharmed, *see Hakeem*, 273 F.3d at 816. Accordingly, substantial evidence supports the denial of withholding of removal. *See id.* at 817.

Contrary to Reyes–Palacios's remaining contention, the IJ did not make an "implicit" adverse credibility determination against him.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.